TOLEDO & OHIO CENT. RY. v. LICKING CO. (COMRS.)

**Allegation of Ample and Sufficient Drainage in Suit to Enjoin Assessment for County Ditch, Good against Demurrer.**

Allegations by a railway company that its right of way has ample and sufficient drainage and the construction of a county ditch would be of no benefit to the company are good against demurrer in an action to enjoin the levying of an assessment against the company's right of way for the construction of such a ditch.

[Syllabus by the court.]

Licking County Circuit.

INJUNCTION.

*Kibler & Kibler* and *Lewis, Finley & Gallinger*, for plaintiff.

*P. B. Smythe,* Pros. Atty., and *J. M. Swartz,* for defendant.

## PER CURIAM.

The petition in this case seeks to enjoin the commissioners from constructing a county ditch near or upon the right of way of the plaintiff company, and from collecting an assessment levied by said commissioners against the plaintiff for the construction of said ditch.

The grounds alleged in the petition upon which relief is sought are that the plaintiff's grounds have ample and sufficient drainage without the construction of said ditch; that it would be of no benefit whatever to the plaintiff to have such county ditch constructed; that it has sufficient drainage upon lower lands adjoining its own, without the construction of any ditch, and also that the assessment made by the commissioners for the construction of said ditch was made according to the watershed drained, and not according to the rule of benefits.

We think the petition recites a cause of action. It is held in *Blue* v. *Wentz*, 54 Ohio St. 247 [43 N. E. Rep. 493]; that:

"Where the lands of an owner, by reason of their situation, are provided with sufficient natural drainage, they are not liable for the costs and expense of a ditch necessary for the drainage of other lands, simply for the reason that the surface water of his lands naturally drain therefrom to and upon the lands requiring artificial drainage.

"In making an assessment on lands benefited by artificial drainage, the extent of their water shed is not the proper rule, but the amount of surface water for which artificial drainage is required to make them cultivable, and the benefits that will accrue to the lands from such drainage."

We think that, under this authority, the petition is sufficient, and that the demurrer to the same should be overruled. Exceptions may be noted. Leave will be granted defendant to answer within thirty days.